### GRAND RAPIDS ASPHALT PAVING COMPANY
### *v.* CITY OF WYOMING

1. CONTRACTS—LIQUIDATED DAMAGES—DELAY.

   An obligation of one of the parties to a contract to pay liquidated damages is annulled where the parties are mutually responsible for delays because of which the date fixed by the contract for completion is past.

2. CONTRACTS—BREACH—WAIVER—CONDUCT.

   A party to a contract may waive a claim for its breach by declarations, acts, or conduct which are inconsistent with a purpose to exact strict performance.

3. CONTRACTS—BREACH—WAIVER—CONDUCT.

   Determination of trial court that defendant city, by its agents, waived its claim to liquidated damages for failure of plaintiff paving contractors to complete work on time was correct where testimony indicated that the entire operation on the part of both the plaintiffs and the defendant did not stick to the letter of the contract, particularly as it regarded the requirement that a change of plans be in writing, there being some oral requests made by defendant's agents for certain changes, and no request for an extension although the parties were aware that an extension was necessary.

4. APPEAL AND ERROR—NONJURY CASE—PREPONDERANCE OF EVIDENCE.

   Absent a showing that a judgment, as a matter of law, is contrary to the preponderance of evidence, the Court of Appeals will not reverse in nonjury case.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts § 387.
[2, 3] 17 Am Jur 2d, Contracts §§ 447, 503, 516–518.
[4, 5] 5 Am Jur 2d, Appeal and Error §§ 839–845, 885.

5. APPEAL AND ERROR—NONJURY CASE—FINDINGS OF FACT.

Findings of the trial court will not be disturbed on appeal unless they are clearly erroneous.

Appeal from Kent, John T. Letts, J. Submitted Division 3 October 8, 1970, at Grand Rapids. (Docket No. 7377.) Decided January 19, 1971.

Complaint by Grand Rapids Asphalt Paving Company, H. A. Vander Veen, and E. G. McDermott against the City of Wyoming to recover monies withheld as liquidated damages. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Vander Veen, Freihofer & Cook* (by *Robert P. Cooper*), for plaintiffs.

*William J. Garlington,* City Attorney, for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and J. J. KELLEY, JR.,* JJ.

HOLBROOK, P. J. This appeal involves an action by plaintiffs on a road construction contract entered into with defendant, City of Wyoming, to recover $5,625 withheld from plaintiffs by defendant as liquidated damages for failure of plaintiffs to timely complete performance under the contract. The case was tried in the Kent County Circuit Court without a jury, and judgment was entered for plaintiffs in the amount of money withheld as liquidated damages by defendant plus interest from July 11, 1966, to date of trial, May 18, 1968, and a judgment of no cause of action, not relevant to this appeal, was entered for defendant regarding plaintiffs' further

* Circuit judge, sitting on the Court of Appeals by assignment.

claims of entitlement to additional sums representing the cost of alleged additional gravel used and additional labor on manholes, over and above payments made by defendant under the contract. Defendant appeals as of right.

On April 12, 1965, defendant, City of Wyoming, entered into a contract with plaintiffs for the undertaking by plaintiffs of street improvements involving storm and sanitary sewer installation, paving, and sidewalk construction within defendant city. The original contract price was $275,078.45. The contract, silent as to the date when construction was to commence, called for a completion date of November 15, 1965, and, failing completion on that date, defendant city was authorized, pursuant to the contract, to withhold, as liquidated damages, the sum of $25 for each day overdue. The contract, which was admitted into evidence, stated in part:

"The work to be performed under this contract shall be completed and ready for use on or before November 15, 1965. Should the contractor be obstructed or delayed in the prosecution or completion of his work by any act, neglect or default of the owner, then the time herein fixed for completion of the work shall be extended for a period equivalent to the time lost by reason of such delay for the causes herein mentioned. The duration of such extension shall be determined by the owner. It is agreed that in the event the work is not completed by the date specified herein and/or the date to which an extension is granted by the owner liquidated damages shall be charged to the contractor in the amount and in the manner set forth in the proposal."

The proposal, a part of the contract in question, further stated in part:

"The undersigned [plaintiffs] agrees to complete the same, on or before the completion date or time limit named in this proposal [November 15, 1965]. If the undersigned does not finish the work within the time specified, the city manager, or his duly authorized representative, is, because of the difficulty in estimating damages, authorized to retain out of the money which may be due or become due, the sum of twenty-five (25.00) dollars for each calendar day by which the Contractor shall fail to complete the work, said sum to constitute liquidated damages and not a penalty."

Plaintiffs commenced operations under the contract on April 27, 1965, and completed them on July 12, 1966, including, in the work completed, additional sidewalk and driveway approach work, not a part of the original plans. It is not clear from the record whether plaintiffs were compensated for the additional work. It does appear that defendant in assessing liquidated damages, reduced the damages by 14 days in consideration of the additional work completed. Liquidated damages, therefore, were assessed for a total period of 225 days, including in this figure the winter months when it was impossible to lay asphalt. It was the testimony of defendant's city engineer that he would not allow plaintiffs to lay the finish course of asphalt on the project area in cold weather and that the defendant city had extended itself by allowing the base course of asphalt, completed the first part of December 1965, to be applied in cold weather. The Michigan State Highway Department Standard Specifications for Road and Bridge Construction, 1963 Edition, a part of the contract in question, states in part (p 212):

"The bituminous surfacing shall be performed in the Lower Peninsula during the period May 15 to

November 1 and in the Upper Peninsula during the period June 1 to October 1, unless otherwise authorized by the engineer."

Any extension in the allowable period of bituminous surfacing, beyond that agreed upon in the contract, would, pursuant to the foregoing provision, require the approval of the engineer.

The record reveals that, in September of 1965, a meeting was called by defendant's city engineer, at which plaintiffs, and defendant's city engineer and construction engineer were represented. The purpose of the meeting was to review the progress of the job and attempt to get the construction completed in 1965 or, failing that, to get the base course of asphalt on all of the construction area. At that meeting, no mention of liquidated damages for completion of the project beyond the contract date appears to have been made. The application of the base course of asphalt, completed in December 1965, appears to have been done at that time at the insistence of the city engineer, just as the application of the finish course of asphalt was required in the spring of 1966, rather than in January of that year, at the city engineer's insistence. In the interim between the first part of December 1965, and the spring of 1966, plaintiffs were prevented, both by the State Highway Department Standard Specifications and by defendant city, from completing the construction project.

Plaintiffs, in their complaint, allege delays and additions to the contract by defendant city in the following particulars, which prevented plaintiffs from completing the work by November 15, 1965:

"A. The defendant city requested plaintiffs to not do work near an outlet located at the Pennsylvania Railroad crossing until the City of Wyoming obtained permission to cross the railroad track; this

permission was not obtained by the city in time for the plaintiffs to do the work and caused a delay of at least one month.

"B. The defendant held up completion of the water main alterations at the corner of Long Street and Alger until the City of Grand Rapids could be consulted; this caused a delay of up to three weeks.

"C. Additional sidewalk work was added to the contract after work was commenced; the value of the added work was $12,147 and this caused up to three weeks' extra delay.

"D. The storm drainage sewers were required to be one to one and a half feet below the depth shown in the specifications, making a total depth of about 23.75 feet; this caused extra delay of at least nine days.

"E. Special manholes (different than provided for in the contract) took eight extra days."

Defendant city, in its answer, denied the foregoing allegations as to delays.

The testimony taken at the trial revealed that the plaintiffs were unable to determine precisely the amount of delay occasioned by the actions of defendant city as recited in subparagraph A, regarding the Pennsylvania Railroad crossing, although there was testimony given which indicated that without such delay plaintiffs' work could have been completed a month sooner; that six hours was involved in the delay involving water main alterations, as set forth in subparagraph B; that an extension of 14 days was allowed plaintiffs for completion, in the spring of 1966, of the work requested by oral change order, involving a *cul-de-sac* and additional sidewalk work as alleged in subparagraph C, and including additional driveway work; that the delay occasioned by the deeper excavations, set forth in subparagraph D was not capable of precise determination, but may have been as much as one and

one half weeks; and that a delay of 19 hours was caused by the requirement of special manhole work as set forth in subparagraph E.

Defendant city claims, on appeal, that delays on the part of plaintiffs contributed to the contract not being completed on the proper date, such delays consisting in the failure of plaintiffs to commence construction until some two weeks after the contract had been executed; the failure of plaintiffs to bring in a second underground crew to assist in operations until June of 1965 (although the contract neither specified a required starting date nor the required manpower necessary to perform the construction operation); and the failure by plaintiffs properly to compact the fill replaced in the sewer trenches to a rate of 95% density as provided by the contract. This faulty compaction necessitated that streets affected be dug up and refilled properly, thereby resulting in a delay of in excess of two weeks.

Plaintiffs claim that defendant city, by its acts and representations inconsistent with the purpose to exact strict performance, waived the liquidated damage provision of the contract. The trial court made findings of fact and conclusions of law, pursuant to GCR 1963, 517.1, as amended 1969. In its opinion the court, consistent with plaintiffs' claim, determined that defendant city was not entitled to liquidated damages as provided in the contract because of waiver of the liquidated damage provision by agents of the defendant city. The court also found that the contract was impossible of performance at the time it was entered into, in that the contract, extending into November, could, because of adverse weather conditions and the state rule prohibiting paving after November 1, unless

otherwise authorized, call for an extension of an additional month.   The court stated:

"Although in this contract there was a statement that time was of the essence and that a time for completion had been set, the law is quite clear that parties to a contract may change their views and requirements so as to release any claim to damages by reason of a delay in the completion of work contracted for.   In the case before this court the completion date, as set forth in the contract was November 15, 1965.   The testimony reveals that at a meeting in September it was known by all parties concerned that the work being done by Mr. McDermott could not be completed by November 1st.

\* \* \*

"The testimony indicated to the court that the entire operation on the part of both the plaintiffs and the defendant did not stick to the letter of the contract, particularly as it regarded the change in plans to be in writing, there being some requests made by the defendant's agents for certain changes orally, there was no request for an extension although the court is of the opinion that the parties were aware that an extension was necessary, \* \* \* ."

The court further stated in part:

"Based on the facts and the law as contained in *Bissell* v. *L. W. Edison Company* (1967), 9 Mich App 276, the court finds that the amounts withheld by the defendant as liquidated damages should be paid forthwith to the plaintiffs on the basis that there was a sufficient waiver made by the agents of the defendant."

We rule that the trial court was correct in its determination that defendant city, under the circumstances of this case, improperly withheld liquidated damages from the total amount due plaintiffs

under the contract in question. We base our affirmance of the trial court in part upon 7 Callaghan's Michigan Civil Jurisprudence, Damages, § 125, p 397, wherein it is stated in part:

"if either the party claiming the benefit of the liquidated damage clause or both parties are responsible for a delay or breach giving rise to the claim, he is not entitled to the damages stipulated, as where the conduct of the claimant has prevented completion of the contract or caused the delay for which he claims damages from the party whom he delayed in completion of the contract. Or the stipulation or right to liquidated damages may be waived by the action of the party otherwise entitled thereto."

In *Early* v. *Tussing* (1914), 182 Mich 314, it is stated at pp 327, 329:

"It is not disputed by either party but that this case falls well within that class of cases where parties may lawfully agree upon stipulated damages to be paid by a contractor in case of failure to complete the work contracted for by the date fixed. From our examination we are satisfied that the great weight of the authorities is in favor of the proposition that such damages for delays cannot be apportioned, and this rule has been applied both in courts of law and in equity."

\* \* \*

"Where the parties are mutually responsible for the delays, because of which the date fixed by the contract for completion is past, the obligation for liquidated damages is annulled."

To the same effect is *Board of Education of Sault Ste. Marie* v. *Chaussee* (1920), 211 Mich 61, 68:

"We are in accord with the rule of law as stated by counsel that, when performance is prevented by

the owner, liquidated damages cannot be recovered, and, where the delay is due to the fault of both parties, the court will not attempt to apportion such damages. *Early* v. *Tussing* [1914], 182 Mich 314; *Maurer* v. *School District* [1915], 186 Mich 223; *Malcomson-Houghten Co.* v. *Gregorian Building Co.* [1916], 191 Mich 678; 17 CJ pp 964, 965."

The case of *Bissell* v. *L. W. Edison Company, supra,* supports the action of the trial court in determining that the defendant city waived its right to liquidated damages. This Court stated in *Bissell* at p 287:

"Defendant cites many cases concerning the general rule that a waiver of a breach of contract must be a 'voluntary intentional relinquishment of a known right.' We agree with this statement of the law.

"In the case of *Strom-Johnson Construction Co.* v. *Riverview Furniture Store* (1924), 227 Mich 55, Mr. Justice STEERE stated in part on pp 67, 68 as follows:

" 'A waiver may be shown by proof of express language of agreement or inferably established by such declarations, acts and conduct of the party against whom it is claimed as are inconsistent with a purpose to exact strict performance.'

"In the case at hand, we do not have a specific statement by a representative of defendant to the plaintiff that defendant waived any claimed breach of the contract. However, we do have declarations, acts and conduct of defendant which are inconsistent with the purpose to exact strict performance which constitutes a waiver."

In the present case, the trial judge heard the witnesses and evaluated their testimony. Absent a showing that the judgment is, as a matter of law, contrary to the preponderance of the evidence, we do not reverse. *Hoffmaster* v. *McNett* (1966), 2

Mich App 709. The record before us shows ample evidence to support a finding by the trial court that the parties did not abide strictly by the terms of the contract in question. Because of delays occasioned by the actions of both plaintiffs and defendant, as revealed by the record, the conclusion by the court that liquidated damages were not recoverable by defendant city was, based upon the foregoing authority, not clearly erroneous.

Findings of the trial court, not being clearly erroneous, will not be disturbed by this Court. *Waldron* v. *Drury's Van Lines, Inc.* (1965), 1 Mich App 601; *Dixon* v. *Shiner* (1968), 12 Mich App 573.

Defendant further contends that Paul Spellman, defendant's city engineer, should not have been required to answer a question asked upon cross-examination, as to his recommendation to defendant city as to liquidated damages, on the ground that such recommendation was not intended to be binding upon defendant city. It appears from the testimony that such recommendation was made after the contract was completed in 1966. We conclude that the propriety of the trial court's admission of such evidence and plaintiffs' claim of impossibility of performance need not be considered on appeal, based upon our ruling herein that liquidated damages were improperly withheld by defendant city.

Affirmed. Costs to plaintiffs.

All concurred.