*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW LECZEL and FADY CHOLAGH,

        Plaintiffs-Appellees,

UNPUBLISHED
June 15, 2023

v

INTRUST BUILDING, INC.,

        Defendant-Appellant.

No. 362855
Oakland Circuit Court
LC No. 2021-187558-CK

Before: REDFORD, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

In this action to compel arbitration pursuant to a residential construction contract, defendant appeals as of right the trial court's judgment confirming the June 27, 2022 arbitration award in favor of plaintiffs. We affirm.

## I. BACKGROUND

On September 26, 2019, plaintiffs and defendant entered into an agreement for the construction of a single-family residence on property purchased by plaintiffs. Defendant agreed to build the residence in accordance with plans and specifications attached to the agreement and to comply with all applicable laws, ordinances, regulations, and codes, and plaintiffs agreed to purchase the completed home for the price stated in the agreement. The agreement required that construction be completed within 14 months and assessed liquidated damages of $100 a day for delays caused by either party. Plaintiffs and defendant agreed to settle any claim, controversy, or dispute arising between them related to the agreement through arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association. The arbitrator's decision would be the parties' exclusive remedy, and the decision would be final and binding.

On April 21, 2021, plaintiffs filed a complaint in the Oakland Circuit Court asserting that, although the agreement required completion of the project no later than December 1, 2020, the project was far from completion and did not conform to the specifications stated in the agreement. Plaintiffs alleged that defendant had ignored plaintiffs' requests for updates and clarifications, that they would be responsible for interest payments due to the delay, and that they were forced to rent

-1-

space in which to store their furniture and personal property. Plaintiffs requested that the trial court enter an order compelling arbitration pursuant to the parties' agreement.

One month later, the trial court entered a stipulated order referring the dispute to arbitration under the Uniform Arbitration Act (UAA), MCL 691.1681 *et seq*. The parties agreed to the appointment of the arbitrator, agreed to general procedures for conducting the arbitration, and agreed that the decision of the arbitrator would be issued through a written opinion. The court dismissed the case without prejudice, but retained jurisdiction to enter a final judgment on the arbitrator's award.

The arbitrator conducted hearings on May 16, 17, and 26, 2022, and held a closing conference on June 7, 2022. The parties submitted final briefs on June 24, 2022. Three days later, the arbitrator issued an award in favor of plaintiffs. The arbitrator found that construction had not been completed and a balance of $43,850 remained on the contract. He also found reasonable the contracts terms that specified the 14-month construction period, that the residence should have been completed by August 26, 2021, that defendant caused 306 days of delay, and that plaintiffs were entitled to liquidated damages in the amount of $30,600. The arbitrator noted that defendant acknowledged that completion of the work specified in the agreement would cost $12,000; but he concluded, based upon his 45 years' experience, that defendant understated its estimate and that the cost to complete construction "would more likely be $18,000, especially in light of the current market conditions." The arbitrator also awarded plaintiffs an additional $5,000 for "time, inconvenience, and uncertainty" and "escalation costs in obtaining a completion of the Residence," as well as, "the unavailability of a builder's warranty, which is released by this Award." After subtracting the amounts awarded to plaintiffs from the contract balance due, the arbitrator calculated the net award to plaintiffs at $14,750.

On July 1, 2022, plaintiffs moved in the trial court for confirmation of the arbitration award and entry of a judgment reflecting the arbitrator's decision. Ten days later, defendant moved to set aside or modify the arbitration award. Defendant contended that the award was "grossly disproportionate" and contrary to the terms of the parties' agreement, asserting that while the arbitrator awarded plaintiffs $30,600 in liquidated damages for defendant's delays, he failed to award defendant any liquidated damages for the 25 days of delay attributable to plaintiffs. Defendant also asserted that the arbitrator had exceeded his authority by increasing the cost of completion from $12,000 to $18,000 based on his 45 years of experience. Defendant argued further that the arbitrator exceeded his authority by awarding plaintiffs $5,000 in damages for "aesthetics," because plaintiffs failed to mitigate those damages. Defendant asserted that the arbitrator's award of $5,000 for time, inconvenience, uncertainty, costs of completion, and in lieu of a warranty duplicated damages already awarded and also contended that the arbitration award violated Michigan law regarding the apportionment of delay damages under a construction contract.

Plaintiffs countered that the arbitrator "clearly understood the issues, listened to the testimony, read the exhibits, and made a ruling based on the evidence presented and consistent with the contract documents." Plaintiffs contended that the award was consistent with Michigan caselaw, the agreement of the parties, and the evidence submitted at the arbitration hearing. Plaintiffs denied that the arbitrator improperly relied on his experience, asserting that defendant's

estimation of the cost of completion was unrealistic and refuted by the evidence presented, and contended that the agreement and Michigan law permitted the award of damages.

Waiving oral argument pursuant to MCR 2.119(E)(3), the trial court entered an opinion and order on September 2, 2022. Interpreting defendant's motion as contending that the arbitrator exceeded his authority by awarding liquidated damages for delay, the court explained that liquidated-damages clauses are generally enforceable, a court cannot substitute its interpretation of a contract for that of the arbitrator, and the parties' agreement provided for liquidated damages in the event of defendant's failure to complete the project within the time provided in the agreement. The court disagreed that the award of an additional $5,000 for warranty issues was outside the scope of the arbitrator's authority. Thus, the trial court granted plaintiff's motion and confirmed the arbitration award. Six days later, the court entered a judgment reflecting the arbitration award.

## II. STANDARD OF REVIEW

A trial court's decision on a motion to set aside, vacate, or modify an arbitration award is reviewed de novo, without extending any deference to the trial court's ruling on legal issues. *Radwan v Ameriprise Ins Co*, 327 Mich App 159, 164; 933 NW2d 385 (2018). "Whether an arbitrator exceeded his or her authority is also reviewed de novo." *Id*. (citation and quotation marks omitted).

## III. ANALYSIS

On appeal, defendant contends that the arbitrator exceeded his authority by improperly apportioning liquidated damages, awarding a form of damages other than liquidated damages, and injecting his opinion as an expert witness for plaintiffs. We disagree.

Arbitration in Michigan is governed by the UAA. MCL 691.1703(1) provides in relevant part:

> On motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if any of the following apply:
>
> (a) The award was procured by corruption, fraud, or other undue means.
>
> (b) There was any of the following:
>
> (i) Evident partiality by an arbitrator appointed as a neutral arbitrator.
>
> (ii) Corruption by an arbitrator.
>
> (iii) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding.

* * *

(d) An arbitrator exceeded the arbitrator's powers.

Under Michigan law, " '[a]rbitrators exceed their powers whenever they act beyond the material terms of the contract from which they draw their authority or in contravention of controlling law.' " *Radwan,* 327 Mich App at 165, quoting *Miller v Miller*, 474 Mich 27, 30; 707 NW2d 341 (2005).

In this case, the arbitrator determined that construction should have commenced on May 25, 2020, and found that "[n]o more than 25 days are attributable to, concurrent, or Owner-caused delays and therefore the Residence should have been completed by August 26, 2021." The arbitrator found that the construction had still not been completed as of the date of the arbitration proceedings. The arbitrator's 14-month completion calculation provided for defendants a 14-month period to complete the project adjusted by the amount of owner caused delays. The arbitrator found that defendant caused 306 days of delays entitling plaintiff to apportioned liquidated damages of $30,600 as plaintiffs' sole remedy for the delay in completion. Defendant contends that because the arbitrator found that plaintiffs were responsible for a portion of the delay in completion, the arbitrator exceeded his authority by awarding liquidated damages to plaintiffs, contrary to Michigan law. We disagree.

Defendant relies on the decision of the United States Court of Appeals for the Sixth Circuit in *Great American Ins Co v EL Bailey & Co, Inc*, 841 F3d 439 (CA 6, 2016). *Great American* involved mediation and extensive litigation in both state and federal courts related to bonds issued by the plaintiff guaranteeing the defendant's performance of a contract with the state of Michigan for the construction of a kitchen at the Huron Valley Women's Correctional Facility. In return, the defendant agreed to indemnify the plaintiff for all payments or other expenses incurred due to the bonds. The defendant's contract with the state included a provision allowing the state to withhold liquidated damages of $1,000 a day for delays in completing the project. Mediation of various disputes regarding the project resulted in a finding that the state was responsible for delays of 89.5 days, while the defendant caused 278.5 days' delay. After agreeing to a settlement of various claims related to the construction contract, the plaintiff filed an action in the United States District Court for the Eastern District of Michigan seeking in part a declaratory judgment recognizing its right to settle the claims. After the district court granted summary judgment in favor of the plaintiff, the defendant appealed to the Sixth Circuit. *Id*. at 440-443.

On appeal, the defendant asserted that the plaintiff had failed to sufficiently investigate Michigan law regarding liquidated damages, contending that because the mediator had found the state responsible for some delay, the state was not entitled to any liquated damages. *Id*. at 448. Addressing this argument, the Sixth Circuit explained that "a series of century-old rulings by the Michigan Supreme Court clearly establish that 'where the delay is due to the fault of both parties the court will not attempt to apportion [liquidated] damages.' " *Id.* at 448, quoting *Bd of Ed of City of Sault Ste Marie v Chaussee*, 211 Mich 61, 68; 177 NW 975 (1920). The Sixth Circuit also noted that this Court applied the rule in *Grand Rapids Asphalt Paving Co v City of Wyoming*, 29 Mich App 474; 185 NW2d 591 (1971). *Great American*, 841 F3d at 448.

The Sixth Circuit, however, did not apply the rule against apportionment of liquidated damages in *Great American*. Recognizing the potential unfairness of the rule, the court noted that "federal and other state courts . . . have been shifting away from strict application of this rule." *Id*. at 448. Citing a bankruptcy court decision, *In re Constr Diversification, Inc*, 36 BR 434 (ED Mich,

-4-

1983), the Sixth Circuit explained that the rule may not apply where a contract provides for per diem liquidated damages. The court noted that a majority of courts have allowed the apportionment of liquidated damages where the damages are divisible. It stated that "it is unclear, however, whether the Michigan Supreme Court, if faced with the issue today, would maintain the strict non-apportionment rule in light of the modern view . . . ." *Great American*, 841 F3d at 449. Thus, the Sixth Circuit declined to apply the rule against apportionment of liquidated damages, and its decision does not support defendant's argument here.

Although there is scant caselaw on this issue, in three published decisions, Michigan appellate courts have addressed the apportionment of liquidated damages where delay is the fault of both parties. In *Early v Tussing*, 182 Mich 314, 316; 148 NW 678 (1914), the parties agreed to a construction contract requiring completion of the project by March 1, 1910, and provided for the plaintiffs' contractors' payment of liquidated damages of $25 a day to the defendant owner for each day construction remained incomplete after that date. Following completion of construction, a dispute arose regarding the balance due under the contract, with the defendant claiming that the plaintiffs owed liquidated damages for delayed completion, as provided in the agreement. The parties agreed to arbitration, resulting in an arbitration award that found that completion had been delayed 150 days and charged two-thirds of the delay against the plaintiffs. After confirmation of the award, the plaintiffs appealed. *Id.* at 324-327.

On appeal, our Supreme Court examined commentaries on English law, as well as two American decisions, *Jefferson Hotel Co v Brumbaugh*, 168 F 867, 871 (CA 4, 1909), and *Mosler Safe Co v Maiden Lane Safe Deposit Co*, 199 NY 479; 93 NE 81 (1910). *Early*, 182 Mich at 327-329. Noting the paucity of caselaw on point, the Court, nevertheless, concluded that "the great weight of the authorities are in favor of the proposition that such damages for delays cannot be apportioned, and this rule has been applied both in courts of law and in equity." *Id.* at 327. The Court vacated the arbitration award as a mistake of law, finding that the defendant's own delays "amounted to a breach of contract on his part, and by reason thereof defendant lost all right to recover liquidated damages for delays." *Id.* at 329.

Six years later, in *Bd of Ed of City of Sault Ste Marie*, 211 Mich at 68, another case where the contractor alone contractually agreed to pay the owner liquidated damages for delayed completion, our Supreme Court, citing *Early*, agreed that "where the delay is due to the fault of both parties the court will not attempt to apportion such [liquidated] damages." The Court found that the delay in construction did not occur due to the fault of either party, the parties had agreed to a reasonable extension of time for the contractor to complete construction, and any delay beyond the extension was "due solely to the conduct and neglect of the contractor." *Id.* at 69. Thus, the Court affirmed the award of liquidated damages. *Id.* at 63, 70.

More than 50 years later, this Court addressed the issue in *Grand Rapids Asphalt,* 29 Mich App 474. In that case, the plaintiffs sued the defendant city to recover liquidated damages withheld by the defendant for the plaintiffs' failure to timely complete performance of a road construction contract. The contract provided that the city could withhold as liquidated damages $25 for each day plaintiffs delayed completion but also provided for extension of the completion date because of the city's acts, neglect, or default. After the trial court entered a judgment for the plaintiffs, the defendant appealed. *Id*. at 475-476. Citing both *Early* and *Bd of Ed of Sault Ste Marie*, this Court affirmed the trial court, and explained that, "[b]ecause of delays occasioned by the actions of both

plaintiffs and defendant, as revealed by the record, the conclusion by the court that liquidated damages were not recoverable by defendant city was, based upon the foregoing authority, not clearly erroneous." *Grand Rapids Asphalt*, 29 Mich App at 484.

Michigan caselaw regarding apportionment of liquidated damages does not support reversal of the trial court's judgment in this case. In *Early*, 182 Mich at 316, our Supreme Court observed that the only provision for liquidated damages contractually bound the contractor to pay liquidated damages for delay in completion but no provision provided for liquidated damages for delays caused by the owner. Similarly, in *Bd of Ed of City of Sault Ste Marie*, 211 Mich at 67-68, the parties' contract required the contractor to pay liquidated damages to the owner in the event of delay. Likewise, in *Grand Rapids Asphalt*, 29 Mich App at 477, the agreement allowed the city to withhold liquidated damages from the payment due in the event of a delay by the contractor, but no provision awarded liquidated damages to the contractor for delay caused by the city. By contrast, in this case, the parties' agreement provided both the right to recover liquidated damages for the other party's delays.

The bedrock of contract law is that the "parties are free to contract as they see fit, and the courts are to enforce the agreement as written absent some unusual circumstances, such as a contract in violation of law or public policy." *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 51; 664 NW2d 776 (2003).

> When interpreting a contract, the examining court must ascertain the intent of the parties by evaluating the language of the contract in accordance with its plain and ordinary meaning. *In re Egbert R Smith Trust*, 480 Mich 19, 24; 745 NW2d 754 (2008). If the language of the contract is clear and unambiguous, it must be enforced as written. *Id*. A contract is unambiguous, even if inartfully worded or clumsily arranged, when it fairly admits of but one interpretation. *Holmes v Holmes*, 281 Mich App 575, 594; 760 NW2d 300 (2008). Every word, phrase, and clause in a contract must be given effect, and contract interpretation that would render any part of the contract surplusage or nugatory must be avoided. *Woodington v Shokoohi*, 288 Mich App 352, 374; 792 NW2d 63 (2010). [*McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 694; 818 NW2d 410 (2012).]

"Michigan law presumes that one who signs a written agreement knows the nature of the instrument so executed and understands its contents." *Galea v FCA US LLC*, 323 Mich App 360, 369; 917 NW2d 694 (2018) (citation omitted).

In this case, the parties contractually agreed that each would pay liquidated damages of $100 a day for delays occasioned by the other as follows:

> Builder agrees to complete construction no later than fourteen (14) months from date of this Agreement, subject to acts of God, events over which Builder has no reasonable control, Purchaser's failure to comply with selection deadlines, or delays caused by Change Orders. If home is not completed by that date and the delay was the result of the Builder, Builder will pay a $100.00 a day fee as liquidated damages. If Purchaser delays the progress of construction such as late

> selections or change orders, the Purchaser agrees to pay Builder $100.00 per day for his delays.

Thus, the agreement expressly provided a remedy to each party for delays attributable to the other party. The record indicates that the arbitrator properly interpreted and applied the parties' contract terms and correctly apportioned the liquidated damages. The trial court, therefore, correctly affirmed the arbitration award in this regard.

Defendant next contends that the arbitrator exceeded his authority by injecting his personal, expert opinion in support of a higher award to plaintiffs for the project's completion cost. Defendant, however, devotes a total of three paragraphs to this issue with no citation to caselaw, the UAA, or any other authority to support its argument. An appellant is required to support its position with citation to authority, and may not simply announce a position or assert an error and expect this Court to search for authority to support its position. Where an appellant fails to properly support an argument, this Court may reject it as abandoned. *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 220; 761 NW2d 293 (2008). "This Court is not required to search for authority to sustain or reject a position raised by a party without citation of authority." *Id.* (citations omitted). "It is not enough for an appellant in his brief simply to . . . assert an error and then leave it up to this Court to . . . unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Id.* (citations omitted). Defendant having failed to properly support its claim of error has abandoned this issue and we decline to consider it.

Defendant also objects to the award of $5,000 to compensate plaintiffs for time, inconvenience, uncertainty, costs for completion of the project, and lack of a warranty. Defendant, however, devotes a total of three paragraphs to this issue, with no citation to caselaw or any other authority to support its argument. Where an appellant fails to properly support an argument, this Court may reject it as abandoned. *Mettler Walloon, LLC*, 281 Mich App at 220. Defendant having failed to properly support its claim of error has abandoned this issue and we decline to consider it.

Affirmed.

/s/ James Robert Redford
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney